IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN ZHOU, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GLAD I KNOW, INC., a California corporation,<br><br>*Defendant.* | Case No.: |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kevin Zhou ("Plaintiff") brings this Class Action Complaint against Defendant Glad I Know, Inc., ("Defendant" or "Glad I Know") to put an end to Defendant's unlawful practice of using the names and identities of Illinois residents without their consent in order to promote Defendant's service on its website, gladiknow.com. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

**NATURE OF THE ACTION**

1. Defendant operates gladiknow.com, a website that purports to sell access to a database containing proprietary detailed reports about people to anybody willing to pay for a monthly subscription.

2. To market its services, Defendant encourages consumers to perform a free "people search" on their website. When consumers perform a free search for an individual—by typing the individual's first name, last name, city, and state into the search bar—Defendant

displays webpages featuring the searched individual's full name alongside certain uniquely identifying information, including age, location, and names of immediate family members. The purpose of these pages is twofold: first, they show potential customers that Defendant's database contains detailed reports for the *specific* individual they searched for and represent that the detailed report contains much more information about the individual than the "free" report, and second, they offer to sell them a paid subscription to their services, where they can access detailed reports about *anybody* in their database. In other words, Defendant does not offer to sell detailed reports about the individuals searched on its website, but rather, uses their identities to sell subscriptions to Defendant's paid services.

3. Unsurprisingly, the people appearing in these advertisements never provided Defendant with their consent (written or otherwise) to use their identities for any reason, let alone for Defendant's own marketing and commercial purposes.

4. Defendant knowingly searches for and obtains identifying information on Illinois residents. Indeed, this lawsuit revolves around Defendant's business practice of acquiring identifying information about Illinois residents with the specific intent of selling access to that information to its consumers.

5. Defendant compiles and generates the content it advertises and sells on its website.

6. By using Plaintiff's identity in its advertisements without consent and for its own commercial gain, Defendant violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*.

## PARTIES

7. Plaintiff Kevin Zhou is a natural person and a citizen of the State of Illinois.

8.      Defendant Glad I Know, Inc., is a corporation existing under the laws of the State of California with its principal place of business located at 12121 Wilshire Boulevard, Suite 207, Los Angeles, California, 90025.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the Class, defined below, many of which are citizens of a different state than Defendant. Defendant Glad I Know is a citizen of California, where it maintains its principal place of business.

10.     The Northern District of Illinois has personal jurisdiction over Defendant because it transacts significant business in this District, misappropriates the identities of people that it knows reside in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

*The Illinois Right of Publicity Act*

12.     In 1999, the Illinois Legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

13.     The Act protects individuals from the unauthorized use of *any* of their attributes,

including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

14. In fact, the IRPA states that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person…" 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

*Defendant Uses Individuals' Names to Promote a Paid Subscription to Its Database*

15. Glad I Know owns and operates a "people search" website: gladiknow.com, a website that sells access to comprehensive background reports "on any adult in the U.S." According to the website, Glad I Know's reports are compiled from various public and commercial records.

16. Glad I Know designed its website to misappropriate consumers' identities for its own commercial gain by using Plaintiff's and the Class members' identities in conjunction with an offer to purchase a paid subscription to access its database—entirely without their knowledge or consent.

17. Glad I Know created and controls the marketing and advertising of its website, including the Marketing Page solicitations at issue in this case. Glad I Know also controls many other operational aspects of its website. This includes, for example, the website's use of customer agreements and notices, graphical interface features and site layout, and the database and other resources to respond to searches performed on the website.

18. Subscriptions that let users access Glad I Know reports must be purchased from the gladiknow.com website. Once a subscription is purchased, users may access individual reports that may include high value information including, *inter alia*, the individual's address,

birth date, "skills," employment history, associates, family members, marriage records, and criminal history.

19. As shown in Figure 1 below, when a consumer visits gladiknow.com and searches for an individual by using their first and last name, gladiknow.com displays a list of the individuals found within its records that have the same or a similar name, alongside certain uniquely identifying information such as each individual's current age, location, and names of their immediate family members (the "Glad I Know Marketing Page").



(**Figure 1.**)

20. Once a consumer selects an individual from the initial Glad I Know Marketing Page, Glad I Know displays a follow up page displaying even more information about the selected individual (e.g., current and former addresses, phone numbers, and redacted email addresses). *See* Figure 2.



(Figure 2.)

21. Then, once a user clicks "See Results," Glad I Know displays a checkout page that still uses the searched-for individual's name. There, after a user submits payment information, he or she is enrolled in a one week "trial" that is followed by a negative option monthly subscription costing between $9.99 and $24.99 each month (i.e., the user must cancel the plan to avoid being charged). *See* Figure 3.



(**Figure 3.**)

22.     While a consumer may visit gladiknow.com to search and potentially obtain information on one specific individual, Glad I Know ultimately offers for sale an entirely different product. Glad I Know is not offering for sale only information on the searched individual. Instead, Glad I Know is offering for sale a monthly subscription service that grants the purchaser access to information on anybody in its database. The searched-for individual's report is a small part of a large database with reports on millions of people.

23.     In this way, Glad I Know misappropriates people's identities (individuals' names and other identifying information such as their age, location, and known immediate family

members) for its own commercial benefit (i.e., to market and promote a monthly subscription to access reports on individuals in its database).

24. Most importantly, Glad I Know never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendant never notified Plaintiff and Class members that their names would appear on the Glad I Know Marketing Page in conjunction with an offer to purchase access to their database of records. Moreover, Plaintiff and the Class members have no relationship with Glad I Know whatsoever.

25. Plaintiff, on behalf of himself and other similarly situated Illinois residents, brings this action against Defendant for its ongoing violations of the Illinois Right of Publicity Act, and seeks (1) injunctive relief requiring Defendant to cease using Illinois residents' identities for commercial purposes, including on its Marketing Page, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF KEVIN ZHOU

26. Plaintiff Kevin Zhou discovered that Defendant was using his identity to solicit the purchase of paid subscriptions to gladiknow.com

27. Defendant specifically identified Plaintiff by his full name, age, location, and names of immediate family members on the Glad I Know Marketing Page. *See* Figures 1 and 2.

28. Plaintiff never provided Defendant with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized Defendant to use his identity to promote any of its products or services.

29. Plaintiff is not and has never been a customer of Defendant's website. In fact, he has no relationship with Glad I Know whatsoever.

## CLASS ALLEGATIONS

30. **Class Definition:** Plaintiff Kevin Zhou brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a Class defined as follows:

> All Illinois residents whose identities were displayed on the Glad I Know Marketing Page and who have never purchased any products or services from gladiknow.com

31. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendant's records.

33. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendant used Plaintiff's and Class members' names and identities for a commercial purpose;

      b.      Whether Plaintiff and Class members provided their written consent to Defendant to use their names and identities in advertisements;

      c.      Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act; and

      d.      Whether Plaintiff and the Class are entitled to injunctive relief.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

37. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual

members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq*.
### (On behalf of Plaintiff and the Class)

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

40.     Defendant sells subscription-based access to its database containing detailed reports about people.

41.     As described above, to promote those reports, Defendant used Plaintiff's and the putative class members' identities on its Marketing Page, which displays the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each individual's name, age, location, and immediate family members. This information serves to identify such individuals to a reasonable audience.

42.     The Glad I Know Marketing Page has a commercial purpose in that it promotes the Defendant's website and encourages potential customers to purchase paid subscriptions to

access reports in its database.

43. Plaintiff and members of the Class never provided Defendant with their consent to use their identities in advertisements for Defendant's paid subscriptions.

44. Defendant deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

45. Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kevin Zhou, individually and on behalf of the Class, prays that the Court enter an Order:

    A.    Certifying this case as a class action defined above, appoint Kevin Zhou as Class Representative, and appoint his counsel as Class Counsel;

    B.    Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act;

    C.    Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

    D.    Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

    E.    Awarding punitive damages where applicable;

F. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Class pre- and post-judgment interest; and

H. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KEVIN ZHOU,** individually and on behalf of all other similarly situated individuals,

Dated: December 17, 2021  By: /s/ Benjamin S. Thomassen
One of Plaintiff's Attorneys

Benjamin H. Richman
Ari J. Scharg
Benjamin S. Thomassen
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
brichman@edelson.com
ascharg@edelson.com
bthomassen@edelson.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* to be sought)
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837.7150
Fax: (212) 989.9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff and the Class*